■ DOROTHY JOSEPH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and BAYVIEW BEVERAGE Co., INC., Appellant.—In a negligence action to recover damages for personal injuries, the defendant Bayview Beverage Co., Inc. appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated March 23, 1988, which denied its motion for summary judgment dismissing the complaint and cross claims as against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and cross claims as against the defendant Bayview Beverage Co., Inc. are dismissed.

The plaintiff was a passenger on a bus operated by the defendant New York City Transit Authority (hereinafter the Transit Authority). As the bus neared the plaintiff's stop, the bus driver saw that a truck belonging to the defendant Bayview Beverage Co., Inc. (hereinafter Bayview) was parked in the back half of the bus stop. As a result, the driver was unable to bring the bus to the curb and had to stop the bus about 5 to 7 feet from the curb. According to the plaintiff's testimony at an examination before trial, she started descending the stairs at the rear doors of the bus in order to get off, when the bus lurched, throwing her out onto the pavement and injuring her.

Although the defendant Bayview's truck was parked partially in the bus stop, neither the plaintiff nor the defendant Transit Authority have shown by evidentiary facts that the presence of the truck caused the accident or contributed to it in any way (cf., Ferrer v Harris, 55 NY2d 285, 293-294; Sheehan v City of New York, 40 NY2d 496, 501-503; Lomnitz v Town of Woodbury, 81 AD2d 828). Because the opponents of the motion have failed to establish a genuine issue of fact with respect to Bayview's negligence as a proximate cause of the accident, summary judgment in favor of Bayview should have been granted (see, Zuckerman v City of New York, 49 NY2d 557). Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.