■ JOHN K. MURRAY et al., Respondents, v FREDERICK J. SCHMIDT, Defendant and Third-Party Plaintiff-Respondent. GEORGE LYONS, Third-Party Defendant-Appellant. [611 NYS2d 27]

—In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 30, 1991, which denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, the motion is granted, and the third-party complaint is dismissed, with one bill of costs payable by the respondents appearing separately and filing separate briefs.

We agree with the appellant's contention that there is no basis to hold him liable for the happening of the accident between a moped driven by the plaintiff and an automobile driven by the defendant third-party plaintiff, Frederick J. Schmidt. The record establishes that the plaintiff's view was not obstructed, prior to the accident, by the hedges on the appellant's property. The record also establishes that Schmidt was looking away from the hedges, to his left, for oncoming traffic prior to making a right turn. It appears from the record that the accident occurred either when the plaintiff's vehicle turned left and entered the lane of traffic occupied by the defendant's vehicle or when the defendant's vehicle turned right too widely and entered the lane of traffic occupied by the plaintiff's vehicle. Clearly, the hedges on the appellant's property abutting the intersection played no part in the happening of the accident. We therefore hold, as a matter of law, that the hedges were not a proximate cause of the accident. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.