■ SHAMSHIR SHAHZAMAN, an Infant, by His Father and Natural Guardian, SHAHIR SHAHZAMAN, et al., Appellants, v GREEN BUS LINES COMPANY et al., Respondents. [625 NYS2d 631] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated November 17, 1993, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured when, after getting off a bus, he walked around to the left side of the bus to bid farewell to friends who were still on the bus and was grabbed through the bus window by a passenger who lifted him off the ground. The infant plaintiff struggled to free himself and, upon falling to the ground, was run over by the left rear wheels of the bus. The driver of the bus had checked his side view mirror three times before putting the bus in motion, and, on each occasion, he did not observe the infant plaintiff on the left side of the bus.

The Supreme Court properly granted summary judgment to the defendants. The driver of the bus fulfilled his duty by stopping at a place where the passengers could disembark with safety, and he exercised reasonable and commensurate care in view of the dangers to be apprehended *(see, Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, *affd* 72 NY2d 888). It was not foreseeable that the infant plaintiff would attempt to bid farewell to friends who were still on the bus and that someone would grab and hold onto him. In any event, even if the driver was somehow careless in not seeing the infant plaintiff near the side of the bus or in putting his bus in motion, the intervening act of the passenger that grabbed the infant plaintiff was a superseding cause

relieving the defendants of liability *(see, O'Britis v Peninsula Golf Course,* 143 AD2d 123).

We reject the plaintiffs' argument that the defendants should be held absolutely liable pursuant to Vehicle and Traffic Law § 1174 (b). The plaintiffs failed to raise an issue of fact that the bus in question was a school bus for purposes of that section *(see,* Vehicle and Traffic Law §§ 142, 375 [20]; § 1174 [a]). In addition, the injuries were not caused as a result of the hazards anticipated by that statute *(see, Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.