■ Antonio Sorrentino, an Infant, by His Mother and Natural Parent, Raphael Sorrentino, Respondent, v Barbara S. Wild, Respondent, and John G. Shultz et al., Appellants. (And Third-Party Actions.) [638 NYS2d 695] —In an action to recover damages for personal injuries, etc., the defendants John G. Shultz and Pamela Irvine appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated November 22, 1994, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and all counterclaims and cross claims.

Ordered that the order is reversed, on the law, with one bill of costs, the appellants' motion for summary judgment is granted, the complaint and all counterclaims and cross claims are dismissed insofar as they are asserted against them, and the action against the remaining defendant is severed.

The plaintiff Antonio Sorrentino was injured when he was struck while riding his bicycle by a vehicle operated by the defendant Barbara Wild. The collision occurred after Antonio turned the corner onto Brooklyn Avenue from Pine Street in Baldwin. The plaintiffs alleged in their complaint that the height of a hedge on the appellants' corner property violated a Town of Hempstead ordinance and contributed to the accident by obscuring Antonio's view of the intersection. The appellants moved for summary judgment on the ground that there was no evidence that the height of the hedge was a proximate cause of the accident.

While proximate cause is generally a jury question (see, Rios v Theodore, 213 AD2d 617), the plaintiffs must establish prima facie that the alleged negligence was a substantial cause of the events which produced the injured plaintiff's injuries (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). We conclude that the parties' deposition testimony refutes the claim that the height of the hedge was a proximate cause of this accident (see, McSweeney v Rogan, 209 AD2d 386; cf., Ferrer v Harris, 55

NY2d 285; *Woznick v Santora,* 184 AD2d 692). Wild specifically testified that her view was not obstructed. Although Antonio stated that the hedge obscured his view of Brooklyn Avenue when he was on Pine Street about 50 feet from the intersection, he was able to see two cars located around the corner in the parking lane on Brooklyn Avenue after he traveled closer to the intersection, and he indicated that the parked cars interfered with his view at the intersection. Furthermore, the accident occurred after Antonio turned the corner, which was past the point where the hedge would have obscured his view (*see, e.g., McSweeney v Rogan, supra*). Accordingly, we conclude that the court erred in denying the appellants' motion for summary judgment. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.