■ ROBERT GLEASON, Respondent, v REYNOLDS LEASING CORP., Appellant, et al., Defendants. [642 NYS2d 79] —In an ac-

tion to recover damages, *inter alia,* for personal injuries, the defendant Reynolds Leasing Corp. appeals from an order of the Supreme Court, Queens County (Durante, J.), dated January 23, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Reynolds Leasing Corp., and the action against the remaining defendants is severed.

On the morning of December 17, 1989, the plaintiff Robert Gleason was driving westbound on Atlantic Avenue in Queens when his automobile was struck in the rear by an unidentified vehicle, which fled the scene. The impact of the collision pushed the plaintiff's vehicle to the right, where it hit a detached trailer parked on the far right side of the street. The plaintiff subsequently commenced this action against the appellant Reynolds Leasing Corp., which owned the trailer, alleging that it had violated a New York City Transportation Department regulation which permits a trailer to be parked on a City street only if it is "attached to a motor vehicle capable of towing it". Following the completion of discovery, the appellant moved for summary judgment, contending that the failure to attach the trailer to a tractor in accordance with the subject regulation was not a proximate cause of the accident. The Supreme Court denied the motion, however, concluding that the appellant's violation of the parked trailer regulation was some evidence of negligence, and that a question of fact existed as to whether this negligence was a proximate cause of the accident. We disagree.

Although "issues of proximate cause are generally fact matters to be resolved by a jury" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 659), the plaintiff must establish prima facie that the alleged negligence was a substantial cause of the events which resulted in his injuries (*see, Derdiarian v Felix Constr. Co.,* 51 NY2d 308, 315; *Sorrentino v Wild,* 224 AD2d 607). At bar, while the appellant's trailer may have been parked while detached in violation of the subject regulation, the record is devoid of any evidentiary facts to establish that the violation was a proximate cause of the accident. Under these circumstances, the appellant's motion for summary judgment should have been granted (*see, Sorrentino v Wild, supra; Metzler v Brawley,* 209 AD2d 487; *Williams v Envelope Tr. Corp.,* 186 AD2d 797; *Joseph v New York City Tr. Auth.,* 149 AD2d 669). Thompson, J. P., Joy, Krausman and Florio, JJ., concur.