■ PHILIP ANDREULA, as Executor of VINCENT ANDREULA, Deceased, et al., Respondents, v STEINWAY BARAQA FOOD CORP., Doing Business as DUNKIN DONUTS, et al., Defendants, and BARBARO CONSTRUCTION CO., Also Known as BARBARO CONTRACTING, INC., Appellant. [669 NYS2d 619] —In an action to recover damages for personal injuries, etc., the defendant Barbaro Construction Co. a/k/a Barbaro Contracting, Inc., appeals (1) from so much of an order of the Supreme Court, Queens County (Lane, J.), dated November 19, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) from an order dated May 22, 1997, which granted its motion for resettlement.

Ordered that the order dated November 19, 1996, is reversed insofar as appealed from, on the law, the motion is granted,

the complaint and all cross claims are dismissed insofar as asserted against the defendant Barbaro Construction Co. a/k/a Barbaro Contracting, Inc., and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated May 22, 1997, is dismissed on the ground that the appellant is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the appellant is awarded one bill of costs.

Although "issues of proximate cause are generally fact matters to be resolved by a jury" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659), the plaintiff must establish prima facie that the alleged negligence was a substantial cause of the events which resulted in his injuries (see, *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Sorrentino v Wild*, 224 AD2d 607).

Here, the record is devoid of any evidentiary facts to establish that the presence of the fence surrounding the construction site or the absence of additional road signs, cones, or flag persons to direct traffic caused the accident or contributed to it in any way. Under these circumstances, the motion of the defendant Barbaro Construction Co. a/k/a Barbaro Contracting, Inc., for summary judgment should have been granted (see, e.g., *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375; *Sorrentino v Wild, supra*). Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.