■ Eugene Torri, Appellant, v Hofstra University, Respondent. [688 NYS2d 634] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated May 12, 1998, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he broke, and then jumped through, a window on the 14th floor of a dormitory building on the defendant's campus. Approximately two hours earlier, a public safety officer employed by the defendant saw the plaintiff and his girlfriend shouting at and pushing each other. After speaking with the plaintiff, his girlfriend, and another man present at the scene, the officer asked the plaintiff and the other man to accompany him to the defendant's Information Center. The two men voluntarily accompanied the officer, and the officer left the men with the Operating Manager of the Information Center. After speaking with the men for approximately 40 minutes, the Operating Manager permitted them to leave.

The plaintiff failed to raise a triable issue of fact that by, *inter alia*, failing to detain him for longer than it did, the defendant breached a duty to him or that the breach alleged was a proximate cause of his injuries (*see, Rodriguez v Metropolitan Suburban Bus Auth.*, 254 AD2d 269; *Shahzaman v Green Bus Lines Co.*, 214 AD2d 722). Under these circumstances, the motion of the defendant for summary judgment was properly granted (*see, e.g., Andreula v Steinway Baraqa Food Corp.*, 248 AD2d 339). O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.