■ SCOTT RICE et al., Respondents, v DANIELLE L. FULLER, Respondent, and CARRINGTON'S OF MELVILLE, INC., Doing Business as CARRINGTON'S, Appellant. [700 NYS2d 722] —In an action to recover damages for personal injuries, the defendant Carrington's of Melville, Inc., d/b/a Carrington's, appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated October 13, 1998, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the appellant, and the action against the remaining defendant is severed.

Although "issues of proximate cause are generally fact matters to be resolved by a jury" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659), "[t]o carry the burden of proving a prima facie case, the plaintiff must generally show that a defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *see, Andreula v Steinway Baraqa Food Corp.*, 248 AD2d 339; *Sorrentino v Wild*, 224 AD2d 607).

Here, the deposition testimony of the parties refutes the claim that a malfunctioning light in a parking lot was a substantial cause of the accident or contributed to it in any way. Under these circumstances, the appellant's motion should have been granted (*see, Gleason v Reynolds Leasing Corp.*, 227 AD2d 375; *Andreula v Steinway Baraqa Food Corp.*, supra; *Sorrentino v Wild*, supra). S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.