■ Norma W. Beyer et al., Respondents, v Barbara P. Sterling, Respondent, Berry Hill Realty Corp., Appellant, et al., Defendant. [758 NYS2d 82] —In an action to recover damages for personal injuries, etc., the defendant Berry Hill Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 21, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

This action arises from an accident that occurred when a vehicle driven by the defendant Barbara P. Sterling collided with the plaintiffs' vehicle at the intersection of Church Street and Berry Hill Road. The defendant Berry Hill Realty Corp. (here-

inafter Berry Hill Realty) owns the property located on the southeast corner of this intersection.

The plaintiff Norma W. Beyer, the driver, claimed that her view of the defendant Sterling's vehicle was obscured by hedges located on Berry Hill Realty's property. Berry Hill Realty moved for summary judgment. In opposition, the plaintiffs claimed that Berry Hill Realty violated Town of Oyster Bay Code § 246-28 by permitting high hedges to grow on the corner property, thereby obstructing the view of approaching motorists, and that this violation was a proximate cause of the accident. The Supreme Court denied Berry Hill Realty's motion on the ground that a question of fact existed as to whether its maintenance of the hedge was a proximate cause of the accident.

In support of its motion for summary judgment, Berry Hill Realty submitted evidence demonstrating that any violation of the Code was not a proximate cause of the plaintiffs' injuries (*see Sorrentino v Wild,* 224 AD2d 607 [1996]; *Murray v Schmidt,* 203 AD2d 541, 542 [1994]; *Pahler v Daggett,* 170 AD2d 750, 751-752 [1991]; *cf. Woznick v Santora,* 184 AD2d 692, 693 [1992]). The burden then shifted to the plaintiffs to demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiffs' opposition was insufficient to meet that burden.

Accordingly, the Supreme Court should have granted the motion of Berry Hill Realty for summary judgment. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.