■ MICHAEL MATERA et al., Respondents, v MYSTIC TRANSPORTATION, INC., et al., Appellants, et al., Defendants. (Action No. 1.) MYSTIC TRANSPORTATION, INC., et al., Appellants, v MICHAEL MATERA et al., Respondents, et al., Defendants. (Action No. 2.) MICHAEL MATERA et al., Plaintiffs, v CITY OF YONKERS et al., Defendants. (Action No. 3.) CNA INSURANCE COMPANIES, as Subrogee of NEW YORK STATE THRUWAY

AUTHORITY, Respondent, v CITY OF YONKERS et al., Respondents, and MYSTIC BULK CARRIERS, INC., et al., Appellants, et al., Defendant. (Action No. 4.) ZURICH INSURANCE COMPANY, as Subrogee of NEW YORK STATE THRUWAY AUTHORITY, Respondent, v MYSTIC BULK CARRIERS, INC., et al., Appellants, and FRUEHAUF TRAILER CORP. et al., Respondents, et al., Defendant. (Action No. 5.) TRAVELERS INDEMNITY COMPANY OF ILLINOIS, as Subrogee of NEW YORK STATE THRUWAY AUTHORITY, Respondent, v COUNTY OF WESTCHESTER et al., Respondents, and MYSTIC BULK CARRIERS, INC., et al., Appellants. (Action No. 6.) RELIANCE NATIONAL INSURANCE COMPANY, as Subrogee of NEW YORK STATE THRUWAY AUTHORITY, Respondent, v MYSTIC BULK CARRIERS, INC., et al., Appellants, and FRUEHAUF TRAILER CORP., Respondents, et al., Defendant. (Action No. 7.) NEW YORK STATE THRUWAY AUTHORITY, Respondent-Appellant, v MYSTIC BULK CARRIERS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, and FRUEHAUF TRAILER CORPORATION et al., Respondents. CITY OF YONKERS, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (Action No. 8.) [764 NYS2d 458] —In eight related actions, inter alia, to recover damages for wrongful death, (1) Mystic Transportation, Inc., and Mystic Bulk Carriers, Inc. (the plaintiffs in Action No. 2, the defendants in Action Nos. 1, 4, 5, 6, and 7, and defendants third-party plaintiffs in Action No. 8), and Frank P. Gangone (a defendant in Action Nos. 1, 4, 5, 6, and 7, and a defendant third-party plaintiff in Action No. 8), appeal from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered January 29, 2002, as denied that branch of their motion which was for summary judgment dismissing the negligence causes of action insofar as asserted against them, denied that branch of their motion which was for summary judgment on their causes of action against Michael Matera, David Matera, and Stephanie Laughlin as co-executors of the estate of Doris Matera, denied that branch of their motion which was for summary judgment dismissing the causes of action to recover damages pursuant to Navigation Law article 12 insofar as asserted against them, granted those branches of the separate motions of the New York State Thruway Authority (the plaintiff in Action No. 8), CNA Insurance Companies, as subrogee of New York State Thruway Authority (the plaintiff in Action No. 4), Zurich Insurance Company, as subrogee of New York State Thruway Authority (the plaintiff in Action No. 5), Travelers Indemnity Company of Illinois, as subrogee of New York State Thruway Authority (the plaintiff in Action No. 6), and Reliance National Insurance Company, as subrogee of New York State Thruway

Authority (the plaintiff in Action No. 7) which were for summary judgment dismissing the affirmative defenses of comparative negligence against them, and granted the motion of the City of Yonkers (the defendant in Action Nos. 2, 3, 4, 5, 6, and 7 and the third-party defendant in Action No. 8) which was for summary judgment dismissing all of the claims and the third-party complaint insofar as asserted against it by Mystic Transportation, Inc., Mystic Bulk Carriers, Inc., and Frank P. Gangone, and (2) the New York State Thruway Authority (the plaintiff in Action No. 8) cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was, in effect, for summary judgment on the issue of liability against Mystic Transportation, Inc., and Mystic Bulk Carriers, Inc., on its cause of action to recover damages pursuant to Navigation Law article 12.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the New York State Thruway Authority which was, in effect, for summary judgment on the issue of liability against Mystic Transportation, Inc., and Mystic Bulk Carriers, Inc., on its cause of action to recover damages pursuant to Navigation Law article 12 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the New York State Thruway Authority and the City of Yonkers payable by Mystic Transportation, Inc., and Mystic Bulk Carriers, Inc.

On the night of October 8, 1997, Frank Gangone was driving a truck for Mystic Transportation, Inc., and Mystic Bulk Carriers, Inc. (hereinafter collectively Mystic), pulling a tanker filled with gasoline owned by Texaco, Inc. He exited the New York State Thruway onto northbound Central Park Avenue in the City of Yonkers. Gangone stopped at the yield sign and entered the U-turn lane in order to access the southbound lanes of Central Park Avenue where the Texaco gas station was located. As Gangone was completing the U-turn, a car driven by the decedent, Alessio Matera, struck the side of the tanker at the location of the tanker's wetlines. These are used for filling the tanker, and they contain gasoline. A fire erupted killing Matera and damaging an overpass owned by the New York State Thruway Authority (hereinafter NYSTA). Gasoline was discharged into nearby streams and catch basins, requiring a cleanup.

All the parties, including the City of Yonkers, NYSTA, Mystic, and Gangone, moved for summary judgment on the claims raised by them and asserted against them. The Supreme

Court granted the City of Yonkers summary judgment on all causes of action against it, denied those branches of the motion of Mystic and Gangone which were for summary judgment on the causes of action to recover damages for negligence and pursuant to Navigation Law article 12 insofar as asserted against them, and denied that branch of NYSTA's motion which was, in effect, for summary judgment on the issue of liability on its cause of action to recover damages against Mystic pursuant to Navigation Law article 12. Mystic and Gangone appeal, and NYSTA cross-appeals.

"Although 'issues of proximate cause are generally fact matters to be resolved by a jury' (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 659 [1989]), '[t]o carry the burden of proving a prima facie case, the plaintiff must generally show that a defendant's negligence was a substantial cause of the events which produced the injury' (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *see, Andreula v Steinway Baraqa Food Corp.,* 248 AD2d 339 [1998]; *Sorrentino v Wild,* 224 AD2d 607 [1996])" (*Rice v Fuller,* 267 AD2d 292 [1999]). Here, the deposition testimony of the parties refuted any claim that the lights underneath the overpass which were to be maintained by the City of Yonkers were a cause of the accident or contributed to it in any way. Moreover, the U-turn configuration was owned by the State of New York, and the City of Yonkers had no responsibility for its design, control, or management. Under these circumstances, the Supreme Court correctly granted the motion of the City of Yonkers dismissing all of the claims and the third-party complaint insofar as asserted against it.

Moreover, Mystic and Gangone failed to demonstrate their entitlement to judgment as a matter of law on the causes of action against them to recover damages for their negligence (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The Supreme Court correctly determined that there exists a triable issue of fact as to whether Mystic and Gangone were negligent.

However, the Supreme Court erred in denying that branch of the motion of NYSTA which was, in effect, for summary judgment against Mystic on the issue of liability on its cause of action for damages pursuant to Navigation Law article 12. Pursuant to the Navigation Law, any person who has discharged petroleum is "strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained" (Navigation Law § 181 [1]). One purpose of the statute is to require the prompt

cleanup and removal of oil and fuel discharge in order to minimize damage to the environment, to restore the environment to its "pre-spill condition" and to compensate those damaged by such discharge (6 NYCRR 611.6 [a]; *see* Navigation Law §§ 170, 171). NYSTA established that Mystic was a discharger, that a gasoline discharge occurred, and that NYSTA's property was damaged as a result of the discharge. As such, Mystic is liable for all direct and indirect damages sustained by NYSTA (*see* Navigation Law 181 [1], [5]).

The parties' remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.