ZACHARY ENGEL, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 1.) ZACHARY ENGEL, Plaintiff, v SEONG S. KIM, Defendant. (Action No. 2.) [774 NYS2d 774]—

In two related actions to recover damages for personal injuries that were joined for trial, the City of New York, the defendant in action No. 1, appeals, as limited by its brief, from so much of

a judgment of the Supreme Court, Queens County (Kitzes, J.), entered June 17, 2002, as, upon a jury verdict finding it 75% at fault in the happening of the accident and finding Seong S. Kim, the defendant in action No. 2, 25% at fault, inter alia, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, by deleting the words "defendants The City of New York having an address at 350 Jay Street, New York, New York, and" from the second and third decretal paragraphs thereof, and adding thereto a decretal paragraph dismissing the complaint insofar as asserted against the defendant City of New York.

The plaintiff was injured while walking in a crosswalk when he was struck by a vehicle driven by Seong S. Kim, the defendant in action No. 2. He commenced an action against Kim and an action against the City of New York. The plaintiff alleged, inter alia, that a proximate cause of the accident was the City's failure to have installed crosswalk warning signs. After a joint trial, the jury found Kim 25% at fault in the happening of the accident and the City 75% at fault. We reverse insofar as appealed from and dismiss the complaint insofar as asserted against the City.

While issues of proximate cause are generally left to the jury (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659 [1989]; *Matera v Mystic Transp.*, 308 AD2d 514, 517 [2003]), here there is simply no valid line of reasoning and permissible inferences that would have led a rational jury to conclude on the evidence presented that the City's failure to install crosswalk warning signs was a proximate cause of the accident (*see Alexander v Eldred*, 63 NY2d 460, 467 [1984]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Matera v Mystic Transp.*, supra; *Nicastro v Park*, 113 AD2d 129 [1985]; *cf. Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 [1980]). Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.