■ ERIC WATSON et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. [832 NYS2d 240]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 29, 2004, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate their default in appearing for trial, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

The instant action was commenced in 1996. In May 2003, the plaintiffs filed a note of issue certifying that the case was ready for trial. On or about April 26, 2004, the plaintiffs asked that the action be removed from the trial calendar. The request was denied and the case was scheduled for a "firm trial date" of May 17, 2004.

On May 17, 2004, the plaintiffs' trial attorney failed to appear on the ground that he "was sent out today . . . to pick a jury on a medical malpractice action." The court held the plaintiffs in

default, and directed the dismissal of the action pursuant to 22 NYCRR 202.27 (b) on the ground that the plaintiffs' counsel had not alerted the trial court or the judge in the medical malpractice part of the conflict so a schedule could be worked out. The trial court stated that the plaintiffs' counsel was using the medical malpractice case as a "pretext" for a delay. The plaintiffs' motion, inter alia, to vacate the default was denied. We affirm.

To vacate the default, the plaintiffs were required to demonstrate a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Echevarria v Waters,* 8 AD3d 330, 331 [2004]). Under the circumstances of this case, the engagement of counsel in another case was not a reasonable excuse for the default (*see* 22 NYCRR 125.1 [c]).

Moreover, the plaintiffs failed to demonstrate that they had a meritorious cause of action against the defendants. At his deposition, the injured plaintiff testified that, after he and the other passengers left a bus at the direction of the bus operator and the bus was taken out of service, he re-entered the bus through the rear door, sat on the top portion of a seat in the back of the bus, and leaned against a window which served as an emergency exit. The accident occurred when the window swung open and he fell out of the bus onto the pavement. Under the circumstances, the injured plaintiff's conduct was the sole proximate cause of the accident (*see Rice v Fuller,* 267 AD2d 292 [1999]; *Shahzaman v Green Bus Lines Co.,* 214 AD2d 722 [1995]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion to vacate their default in appearing for trial, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calendar. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.