Scott Isola et al., Respondents, v Independent Coach Corporation et al., Appellants. [832 NYS2d 641]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 9, 2006, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

On the afternoon of April 10, 2003, at the end of the school day, the infant plaintiff was dropped off, with three other students, at his bus stop. The bus driver, the defendant Richard Politano, knew that the infant plaintiff had to cross the street in front of the bus to get to his house. Although Vehicle and Traffic Law § 1174 (b) required Politano, inter alia, to instruct the infant plaintiff to cross in front of the bus, and to keep the bus's red signal lights flashing until the infant plaintiff reached the opposite side of the road, he did not give the infant plaintiff any sort of warning.

After the infant plaintiff was dropped off, he chose not to go home, but instead began "messing around" on the sidewalk with two of the other students. As the bus pulled away, he lost his balance, fell backwards into the bus, and allegedly sustained injury.

On their motion for summary judgment dismissing the complaint, the defendants demonstrated their entitlement to judgment as a matter of law by establishing that any violation of Vehicle and Traffic Law § 1174 (b), which was enacted to protect school children that cross a highway after being dropped off by a school bus (*see Van Gaasbeck v Webatuck Cent. School Dist. No. 1*, 21 NY2d 239, 245 [1967]; *Sewar v Gagliardi Bros. Serv.*, 69 AD2d 281, 288 [1979], *affd* 51 NY2d 752 [1980]), was not a proximate cause of the infant plaintiff's alleged injuries (*see Shahzaman v Green Bus Lines Co.*, 214 AD2d 722, 723 [1995]). In response, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion (*see Shahzaman v Green Bus Lines Co.*, *supra* at 723). Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.