■ MARIA POLANCO, Appellant, v CITY OF NEW YORK, Respondent. [913 NYS2d 30]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 1, 2009, which, in this action for personal injuries that was dismissed upon the failure of plaintiff's counsel to appear for trial, denied plaintiff's motion seeking, inter alia, to restore the action to the trial calendar, unanimously affirmed, without costs.

The motion court exercised its discretion in a provident manner in denying the subject motion, as the record establishes that there was no reasonable excuse for the failure of plaintiff's attorney to appear for the jury trial on the subject action, which had already been repeatedly adjourned at the request of

plaintiff's counsel. Nothing contained in counsel's affirmation of engagement addressed why the action in which she allegedly had to appear in Nassau County had priority over the matter herein (*see Watson v New York City Tr. Auth.*, 38 AD3d 532 [2007]; 22 NYCRR 125.1; *see also Benson Park Assoc., LLC v Herman*, 73 AD3d 464 [2010]). Furthermore, plaintiff failed to demonstrate a meritorious cause of action, since there is a lack of evidence that defendant had prior written notice of the alleged defect in the crosswalk that caused her fall (*see Katz v City of New York*, 87 NY2d 241 [1995]; Administrative Code of City of NY § 7-201 [c] [2]). Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.