■ ESTATE OF WALTER J. COOK, Also Known as WALTER COOK, by Lisa Cook, as Administrator of the Estate of WALTER J. COOK, Deceased, et al., Appellants, v CARLOS A. GOMEZ et al., Defendants, and COZZOLI FAMILY LIMITED PARTNERSHIP, Respondent. (And a Third-Party Action.) [30 NYS3d 148]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated June 25, 2014, as granted that branch of the motion of the defendant Cozzoli Family Limited Partnership which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the plaintiffs to the defendant Cozzoli Family Limited Partnership.

At approximately 7:45 a.m. on May 7, 2009, on Motor Parkway in Hauppauge, a motorcycle operated by Walter J. Cook (hereinafter the decedent) collided with a vehicle operated by the defendant Carlos A. Gomez and owned by the defendant Mario Gomez (hereinafter together the Gomezes). At the time of the accident, Carlos was making a left turn out of the parking lot of a strip mall owned by the defendant Cozzoli Family Limited Partnership (hereinafter CFLP) with the intention of heading west on Motor Parkway, and the decedent was traveling east on Motor Parkway. On the left side of the exit from the parking lot, there was a sign displaying the businesses that were tenants of the strip mall.

The plaintiffs commenced this action against the Gomezes, CFLP, and Northstar Signs & Neon, Inc. (hereinafter Northstar), which installed the subject sign. They alleged, inter alia, that Carlos negligently pulled out of the parking lot (see Vehicle and Traffic Law § 1143), and that the sign had been negligently installed by Northstar because it obstructed his view and contributed to the happening of the accident. CFLP moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. CFLP argued that it was entitled to summary judgment because the sign was not a proximate cause of the accident and Carlos's violation of Vehicle and Traffic Law § 1143 was the sole proximate cause of the accident. The Supreme Court granted CFLP's motion, and the plaintiffs appeal.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Baulete v L & N Car Serv., Inc.*, 134 AD3d 753 [2015]; *Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015]; *Rungoo v Leary*, 110 AD3d 781, 782 [2013]). There can be more than one

proximate cause of an accident (*see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and, "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Riccio v Kid Fit, Inc.*, 126 AD3d 873 [2015]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424).

Vehicle and Traffic Law § 1143, entitled, "[v]ehicle entering roadway," provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way (*see* Vehicle and Traffic Law § 1143; *Bonilla v Calabria*, 80 AD3d 720 [2011]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (*Adobea v Junel*, 114 AD3d 818, 819 [2014]). A driver is also bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Katanov v County of Nassau*, 91 AD3d 723, 725 [2012]).

Here, CFLP established its prima facie entitlement to judgment as a matter of law by demonstrating that Carlos negligently entered the roadway from the parking lot without yielding the right-of-way to the decedent, and that such negligence was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1143; *Marcel v Sanders*, 123 AD3d 1097 [2014]; *Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d 1033 [2014]; *Abatzidis v Fenton*, 116 AD3d 802, 802 [2014]). CFLP further demonstrated via its submissions in support of its motion, which included a sworn statement Carlos gave to the police on the date of the accident, photos from the scene of the accident, and the deposition transcript of a police officer, that the placement of the sign was not a proximate cause of the accident. Indeed, these submissions established that there was a point at which Carlos could safely observe oncoming traffic heading east on Motor Parkway unimpeded by the sign (*see Beyer v Sterling*, 303 AD2d 701 [2003]; *Sorrentino v Wild*,

224 AD2d 607 [1996]; *Murray v Schmidt*, 203 AD2d 541 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the placement of the sign was a proximate cause of the accident.

Accordingly, the Supreme Court properly granted that branch of CFLP's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.