■ Ignacio A. Altamirano Bermejo, Respondent, v Aziz M. Khaydarov et al., Appellants. [63 NYS3d 107]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated October 6, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action arises out of an automobile accident that occurred on Rogers Avenue in Brooklyn when a vehicle operated by the plaintiff collided with a vehicle owned by the defendant Ambulette Star Trans, Inc., and operated by the defendant Aziz M. Khaydarov. Following the accident, the plaintiff commenced this action to recover damages for personal injuries. At his deposition, the plaintiff testified that he was attempting to merge from the center lane of Rogers Avenue into the right lane in anticipation of turning right on Hawthorne Street when he collided with the defendants' vehicle, which was traveling in the right lane. The defendants subsequently moved for summary judgment dismissing the complaint, contending that the sole proximate cause of the accident was the plaintiff's negligence in making an unsafe lane change and sideswiping the defendants' vehicle. The Supreme Court denied the motion, and the defendants appeal.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Gobin v Delgado*, 142 AD3d 1134, 1135 [2016]; *Estate of Cook v Gomez*, 138 AD3d 675, 676 [2016]). "There can be more than one proximate cause of an accident" (*Estate of Cook v Gomez*, 138 AD3d at 676-677), and, "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2016]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established

facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Estate of Cook v Gomez*, 138 AD3d at 675).

Here, in support of their motion for summary judgment, the defendants primarily relied upon the deposition testimony of the plaintiff and Khaydarov, who gave different accounts of the accident. This evidence failed to eliminate issues of fact as to whether there was sufficient time and distance between the vehicles for the plaintiff to safely change lanes, and whether Khaydarov failed to see what was there to be seen and exercised reasonable care to avoid the collision (*see Beres v Terranera*, 153 AD3d 483 [2017]; *Gabriel v Great Lakes Concrete Prods. LLC*, 151 AD3d 1855, 1856 [2017]; *Zbock v Gietz*, 145 AD3d 1521, 1523 [2016]; *Fogel v Rizzo*, 91 AD3d 706, 707 [2012]). Thus, the defendants failed to establish, prima facie, that Khaydarov was free from fault in the happening of the accident, or that the alleged negligence of the plaintiff was the sole proximate cause of the accident. Since the defendants failed to sustain their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Roman, Miller and Christopher, JJ., concur.