**Ferreira v Marasi Transp. Corp.**

2026 NY Slip Op 30656(U)

February 19, 2026

Supreme Court, New York County

Docket Number: Index No. 151763/2022

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. JAMES G. CLYNES** | PART 22 |
| *Justice* | |

------------------------------------------------------------------X

JOSE R. FERREIRA,

                Plaintiff,

       - v -

MARASI TRANSPORTATION CORP., PENSKE TRUCK
LEASING CO., L.P., PENSKE TRUCK LEASING
CORPORATION, ROHAN G. HERON, MAKHLOUF G.
BOUSBIB, BATYA E. BOUSBIB

                Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151763/2022 |
| MOTION DATE | 05/15/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for                 JUDGMENT - SUMMARY    .

      Upon the foregoing documents, it is ordered that the motion by defendants Makhlouf G. Bousib and Batya E. Bousib pursuant to CPLR 3212 for an Order granting summary judgment in their favor and dismissing the plaintiff's Compliant and any cross-claims against them is decided as set forth below.

      Plaintiff seeks recovery for personal injury sustained as a result of a March 1, 2019 motor vehicle accident involving contact between the vehicle operated by plaintiff and a truck owned by defendants Marasi Transportation Corp., Penske Truck Leasing Co, L.P., Penske Truck Leasing Corporation and operated by defendant Rohan G. Heron and contact between plaintiff's vehicle and the vehicle owned by defendant Makhlouf G. Bousib, and operated by Batya E. Bousib.

      The Bousib Defendants' submission, which includes the examination before trial testimony of plaintiff and defendant Batya Bousib established prima facie entitlement to summary judgment in favor of the Bousib defendants and dismissal of the complaint and cross-claims against them. Batya Bousib testified that her vehicle was stopped and parked entirely within the parking lane on the right side of Columbus Avenue for at least one minute when it was struck in the left rear by plaintiff's vehicle.

151763/2022  FERREIRA, JOSE R. vs. MARASI TRANSPORTATION CORP. ET AL
Motion No.  001

Page 1 of 4

1 of 4

[* 1]

In his examination before trial testimony Plaintiff testified that he was working as a cab driver and intended to pick up a passenger on the right side of Columbus Avenue between 95th and 94th Streets and was traveling in the right lane of traffic on Columbus Avenue when a truck traveling in the lane to the left of plaintiff's vehicle switched lanes into the right lane in which plaintiff was traveling and struck the rear left side of plaintiff's vehicle and that the truck stayed stuck to and dragged plaintiff's vehicle until it pushed plaintiff's vehicle into the vehicle that was parked in the right parking lane near the fire hydrant.

Defendants Marasi Transportation Corp. and Rohan G. Heron submit an attorney affirmation in opposition in which they contend that movants failed to establish their entitlement to summary judgment in their favor and dismissal of the complaint and cross-claims against them based upon plaintiff's testimony that defendants' vehicle was parked near a fire hydrant in violation of VTL 1202 (b) (1) or (2). Defendants Morasi Transportation Corp and Rohan G. Heron contend that the jury should decide whether movants' act of parking near a fire hydrant was a proximate cause of the accident.

Plaintiff submits an attorney affirmation in opposition in which plaintiff contends that the motion is premature and that movants failed to demonstrate an absence of material issues of fact as to their liability. Plaintiff adopts the arguments set forth in the opposition of defendants Morasi Transportation Corp. and Rohan G. Heron.

In reply, movants contend that their submission established they were free from liability for the accident by establishing that their vehicle was parked for one minute in the parking lane when plaintiff's vehicle struck the left rear portion of their vehicle and that the motion is not premature because it is not disputed that movants' vehicle was lawfully parked in the parking lane at the time of the accident. Movants contend that there is no evidence that their vehicle was parked near a fire hydrant in violation of VTL 1202 at the time of the accident, and that even if their vehicle was stopped in the parking lane in violation of VTL 1202, such violation was a not a proximate cause of the accident.

The Court finds that Movants established prima facie entitlement to summary judgment as a matter of law in their favor and dismissal of the Complaint and cross claims against them. Neither Plaintiff's nor codefendants' opposition papers raise an issue of fact sufficient to preclude a determination of summary judgment on liability in favor of the movant defendants (*See Gleason v Reynolds Leasing Corp.*, 227 AD2d 375 [2d Dept 1996] [Second Department

[* 2]

reversed denial of summary judgment motion by owner of trailer parked on the side of the road where plaintiff's vehicle was struck by a third vehicle and pushed into the parked trailer, holding that "[w]hile appellant's trailer may have been parked while detached in violation of the subject regulation, the record is devoid of any evidentiary facts to establish that the violation was a proximate cause of the accident"]). Here, as in *Gleason*, there is no evidence in the record that movants' alleged violation of the VTL provision prohibiting parking by a fire hydrant was a proximate cause of the accident. Even if movants' vehicle was parked in the parking lane in violation of the law prohibiting parking near a fire hydrant, such violation was not a proximate cause of the accident, but merely furnished the condition or occasion for the contact that occurred between plaintiff's vehicle and movants' vehicle after the initial contact between co-defendant's vehicle and the plaintiff's vehicle that caused plaintiff's vehicle to enter the parking lane and contact movants' vehicle (*See Krehl v Siberio, 228 AD3d 852, 854* [2d Dept 2024]; *Sullivan v Locastro*, 178 AD2d 523 [2d Dept 1991] [parking of bus near fire hydrant, in violation of traffic regulation could not be considered evidence of negligence in connection with death of child who was struck by automobile when he attempted to cross the street in front of improperly parked bus because the regulation prohibiting parking near a fire hydrant did not contemplate traffic or pedestrian safety]). Defendants' motion is granted. Accordingly, it is

ORDERED that the motion by defendants Makhlouf G. Bousib and Batya E. Bousib pursuant to CPLR 3212 for an Order granting summary judgment in their favor and dismissing the plaintiff's Compliant and any cross-claims against them is granted; and it is further

ORDERED that the motion of defendants Makhlouf G. Bousib and Batya E. Bousib to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendants, and the Clerk is directed to enter judgment accordingly in favor of said defendants; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

151763/2022  FERREIRA, JOSE R. vs. MARASI TRANSPORTATION CORP. ET AL
Motion No.  001

Page 3 of 4

3 of 4

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

2/19/2026
DATE

JAMES G. CLYNES, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | [X] | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | [X] | GRANTED | [ ] DENIED | [ ] | GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] | SETTLE ORDER | | [ ] | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] | INCLUDES TRANSFER/REASSIGN | | [ ] | FIDUCIARY APPOINTMENT | [ ] REFERENCE |

151763/2022   FERREIRA, JOSE R. vs. MARASI TRANSPORTATION CORP. ET AL
Motion No.  001

Page 4 of 4

4 of 4

[* 4]