Lustig v Brown
2026 NY Slip Op 02641
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Judy Lustig, appellant,
v
Volvie Brown, defendant, Lucy M. Mark, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-04394, (Index No. 521489/19)
Colleen D. Duffy, J.P.
Paul Wooten
Phillip Hom
Elena Goldberg Velazquez, JJ.

Eric H. Green, New York, NY (Zachary S. Green of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated January 17, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants Lucy M. Mark and Hilbert Tunstall which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Lucy M. Mark and Hilbert Tunstall which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not at fault in the happening of the subject accident is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries she allegedly sustained in May 2017 when a vehicle she was operating was involved in an accident with a vehicle owned and operated by the defendant Volvie Brown and a vehicle owned by the defendant Lucy M. Mark and operated by the defendant Hilbert Tunstall. The plaintiff alleged that Brown and Tunstall were negligent in the operation of their vehicles.
Mark and Tunstall moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not at fault in the happening of the accident. In support of their motion, they submitted, inter alia, the deposition transcripts of the plaintiff, Brown, Tunstall, and a nonparty eyewitness, as well as an uncertified police accident report. In an order dated January 17, 2024, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that she or he was not at fault in the happening of the accident (see Kouzine v Strutsinskiy, 241 AD3d 810, 811; Laborde v Creative Closet & Design, Inc., 240 AD3d 678, 678). "There can be more than one proximate cause of an accident" (Estate of Cook v Gomez, 138 AD3d 675, 676-677), and, "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Bermejo v Khaydarov, 155 AD3d 597, 597). A motion for summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [internal quotation marks omitted]; see [*2]Smith-Joyner v Barahona, 227 AD3d 924, 926).
As an initial matter, the police accident report, which was not certified and thus not in admissible form, should not have been considered by the Supreme Court (see Lawrence v Sparks, 218 AD3d 670, 671). Moreover, it is unclear from the statements in the report who provided information regarding how the accident occurred to the officer who authored the report. As such, the report also was not admissible on that ground (see Yassin v Blackman, 188 AD3d 62, 66; Memenza v Cole, 131 AD3d 1020, 1022).
In addition, the testimonial evidence, when viewed in the light most favorable to the plaintiff as the nonmoving party (see Stukas v Streiter, 83 AD3d 18, 22), failed to establish, prima facie, that Tunstall was free from fault in the happening of the accident and that Brown's actions were the sole proximate cause of the accident. This evidence presented conflicting accounts about the happening of the accident, raising issues of credibility, and revealed factual disputes as to how the accident occurred. The evidence therefore failed to eliminate all triable issues of fact as to whether Tunstall was at fault in the happening of the accident (see Smith-Joyner v Barahona, 227 AD3d at 927; Schmitz v Pinto, 220 AD3d 681, 682-683; see also Vehicle and Traffic Law § 1128[a]).
Accordingly, since Mark and Tunstall failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that they were not at fault in the happening of the accident, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not at fault in the happening of the accident without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court