■ EILEEN NESBITT et al., Respondents, v ROBERT A. GALLANT, Appellant. [51 NYS3d 568]—

In a consolidated action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 13, 2015, which denied his motion for summary judgment dismissing the plaintiffs' respective complaints.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendant's motion for summary judgment dismissing the plaintiffs' respective complaints is granted.

In January 2011, the plaintiff Eileen Nesbitt allegedly was injured in a traffic accident on Middle Country Road in Riverhead. The accident occurred when the vehicle of the defendant, Robert A. Gallant, which was traveling eastbound, collided with Nesbitt's vehicle as Nesbitt was trying to make a left turn into the westbound lane from a gas station on the eastbound side of the road. Nesbitt commenced this action alleging that the defendant, who had the right-of-way (see Vehicle and Traffic Law § 1143), was negligent in the operation of his vehicle. Subsequently, the plaintiff Liberty Mutual Insurance Company (hereinafter Liberty Mutual), as subrogee of Nesbitt, commenced a subrogation action against the defendant seeking to recover damages representing the insurance benefits it paid to Nesbitt under her insurance policy. The actions were consolidated. The defendant moved for summary judgment dismissing the complaints. The Supreme Court denied the motion. The defendant appeals, and we reverse.

Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident (see Boulos v Lerner-Harrington, 124 AD3d 709, 709 [2015]). Although drivers with the right-of-way are entitled to anticipate that other drivers will obey the traffic laws, they nonetheless still have a duty to avoid colliding with

other vehicles (*see Twizer v Lavi*, 140 AD3d 736, 737 [2016]; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]). Moreover, since there may be more than one proximate cause of an accident (*see Estate of Cook v Gomez*, 138 AD3d 675, 676-677 [2016]), drivers who had the right-of-way must establish prima facie that their conduct was not a proximate cause of the accident (*see Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d 1033, 1034-1035 [2014]). Finally, although proximate cause is generally an issue of fact (*see Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]), it may be decided as a matter of law where only one conclusion may be drawn from the facts (*see Estate of Cook v Gomez*, 138 AD3d at 676-677; *cf. Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889).

Here, in support of his motion for summary judgment, the defendant submitted, among other things, a surveillance tape that depicted Nesbitt's vehicle leaving the gas station and entering Middle Country Road as the defendant's vehicle approached. The Supreme Court refused to consider this evidence on the ground that it was not properly authenticated. The court improvidently exercised its discretion in declining to consider the surveillance tape, because the defendant adequately authenticated the tape by averring that it accurately depicted what had occurred at the time of the accident (*see People v Patterson*, 93 NY2d 80, 84 [1999]).

The surveillance tape and the additional evidence submitted by the defendant in support of his motion established, prima facie, that he was not at fault in the happening of the accident and that the sole proximate cause was Nesbitt's conduct in entering the roadway when the defendant's vehicle was so close (*see Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693, 693-694 [2016]; *Nohs v DiRaimondo*, 140 AD3d 1132, 1133-1134 [2016]; *Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d at 1035). In opposition, Nesbitt and Liberty Mutual failed to demonstrate the existence of a triable issue of fact. Their contentions rested on speculation, not proof, that the defendant may have been negligent (*see Adobea v Junel*, 114 AD3d 818, 820 [2014]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing Nesbitt's and Liberty Mutual's complaints. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.