■ KIMBERLY CARO et al., Appellants, v EDWARD CHESNICK et al., Defendants, and IOANNIS KENTIMENOS et al., Respondents. [63 NYS3d 665]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered January 11, 2016, which granted the motion of defendants Ioannis Kentimenos and U.S. Xpress Enterprises, Inc. for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs' decedent was riding his motorcycle on the Cross Bronx Expressway, lane-splitting and weaving in and out of lanes at a rate of speed in excess of other vehicles on the road, in stop and go traffic, when he struck the rear of a motor vehicle in the center lane. Decedent was thrown from his motorcycle to the left lane, rolled under defendants' tractor-trailer, and was run over by the tractor-trailer's rear wheels.

Defendants made a prima facie showing that decedent's negligent operation of the motorcycle caused the accident (*see Chowdhury v Matos*, 118 AD3d 488, 488 [1st Dept 2014]; *Dattilo v Best Transp. Inc.*, 79 AD3d 432 [1st Dept 2010]). Further, although defendants acknowledge that the tractor-trailer was unlawfully in the left lane at the time of the accident (*see* Vehicle and Traffic Law § 1110 [a]), there is no evidence in the record that would support a finding that the statutory violation was a proximate cause of the accident. The presence of the tractor-trailer in the left lane merely furnished the condition that led to decedent's death, and was not a proximate cause of the accident (*see Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *Roman v Cabrera*, 113 AD3d 541, 542 [1st Dept 2014], *lv dismissed in part and denied in part* 24 NY3d 949

[2014]). Nor is there any nonspeculative basis for finding that defendant driver could have avoided the accident.

Plaintiffs failed to present evidence raising a triable issue of fact as to whether any negligence on the part of defendants was a substantial factor in causing the accident. Although plaintiffs did not have an opportunity to depose defendant driver, they failed to demonstrate the existence of any testimony by defendant driver relevant to defendant's summary judgment motion. Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.