Brunson v Korkovilas (2022 NY Slip Op 05071)

Brunson v Korkovilas

2022 NY Slip Op 05071

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2021-07895
 (Index No. 508224/15)

[*1]Derrick Brunson, et al., respondents, 
v
George Korkovilas, et al., appellants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Boris Kogan, New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 9, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Derrick Brunson (hereinafter the plaintiff) allegedly sustained personal injuries as a result of a motor vehicle accident that occurred on July 6, 2012, at the intersection of Dekalb Avenue and Waverly Place in Brooklyn. The plaintiff was traveling in his vehicle on Waverly Place, when he proceeded into the intersection and collided with a vehicle operated by the defendant George Korkovilas and allegedly owned by the defendants.
The plaintiff, and his wife suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint. In an order dated August 9, 2020, the Supreme Court denied the motion. The defendants appeal.
"'Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident'" (Elusma v Jackson, 186 AD3d 1326, 1327-1328, quoting Nesbitt v Gallant, 149 AD3d 763, 763).
Here, the evidence submitted by the defendants in support of their motion, which included the deposition testimony of the plaintiff and Korkovilas, provided different accounts of the accident and failed to eliminate triable issues of fact as to whether Korkovilas was free from fault in the happening of the accident. Specifically, Korkovilas's own conflicting testimony raised triable issues of fact as to whether he failed to see what there was to be seen and exercised reasonable care to avoid the collision (see Wiessner v Phillips, 201 AD3d 776, 777; Joseph v Kelly, 178 AD3d 1028, 1029; Bermejo v Khaydarov, 155 AD3d 597, 598; Calderon-Scotti v Rosenstein, 119 AD3d 722, 724). Additionally, the defendants' submissions failed to eliminate triable issues of fact as to whether the alleged negligence of the plaintiff was the sole proximate cause of the accident. The parties offered conflicting testimony as to whether the plaintiff obeyed the stop sign on Waverly [*2]Place before entering the intersection with DeKalb Avenue.
Since the defendants failed to sustain their prima facie burden, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court