Woods v Burgos (2023 NY Slip Op 04987)

Woods v Burgos

2023 NY Slip Op 04987

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-07531
 (Index No. 514740/20)

[*1]Iesha Woods, respondent, 
v
Clara E. Burgos, et al., appellants.

Gilbert, McGinnis & Liferiedge, White Plains, NY (Laura R. Efrati of counsel), for appellants.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 23, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a motor vehicle she was operating was involved in a collision with a motor vehicle owned by the defendant Clara E. Burgos and operated by defendant Juan Fernandez. The defendants moved for summary judgment dismissing the complaint, arguing that the plaintiff's negligent attempt to change lanes when it was unsafe to do so, in violation of Vehicle and Traffic Law § 1128(a), was the sole proximate cause of the accident. The Supreme Court denied the motion, and the defendants appeal.
"There can be more than one proximate cause of an accident" (Estate of Cook v Gomez, 138 AD3d 676, 676-677). "Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident" (Nesbitt v Gallant, 149 AD3d 763, 763; see Brunson v Korkovilas, 208 AD3d 842, 842-843), or that the alleged negligence of another person was the "sole proximate cause of the accident" (Brunson v Korkovilas, 208 AD3d at 843; see Vigdorchik v Vigdorchik, 209 AD3d 923, 924-925). "While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles" (Miron v Pappas, 161 AD3d 1063, 1064 [citations omitted]; see Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1085; Pollack v Margolin, 84 AD3d 1341, 1342). However, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764; see Choo v Virginia Transp. Corp., 204 AD3d 743, 745).
Here, in support of their motion for summary judgment dismissing the complaint, the [*2]defendants relied upon, inter alia, an affidavit from Fernandez. Fernandez averred in a conclusory fashion that he did not have an opportunity to avoid the accident or take evasive action, but he failed to articulate facts sufficient to evaluate this conclusory assertion. The evidence proffered by the defendants failed to establish, prima facie, that Fernandez was free from fault in the happening of the accident, or that the alleged negligence of the plaintiff was the sole proximate cause of the accident (see Bermejo v Khaydarov, 155 AD3d 597, 598; Pollack v Margolin, 84 AD3d at 1342). Since the defendants failed to sustain their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention is academic in light of our determination.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court