Waters v Saha (2024 NY Slip Op 03071)

Waters v Saha

2024 NY Slip Op 03071

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-01765
 (Index No. 709050/18)

[*1]James Waters, etc., respondent, 
v
Liton C. Saha, et al., appellants.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Timothy J. Layer of counsel), for appellants.
Krentsel Guzman & Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated February 25, 2022. The order denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that he alleged the decedent, his wife, sustained in a motor vehicle collision between the vehicle the decedent was driving and the vehicle driven by the defendant Liton C. Saha. The defendants moved for summary judgment dismissing the amended complaint. In an order dated February 25, 2022, the Supreme Court denied that branch of the defendants' motion which were for summary judgment dismissing the cause of action alleging negligence on the grounds that the decedent's negligence was the sole proximate cause of the collision and that the decedent did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision.
The defendants failed to meet their prima facie burden of showing that the decedent did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the motor vehicle collision (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the decedent did not sustain a serious injury to the cervical and lumbar regions of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173). Further, the defendants failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the decedent's spine were not caused by the accident (see Zennia v Ramsey, 208 AD3d at 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809).
"There can be more than one proximate cause of an accident" (Estate of Cook v Gomez, 138 AD3d 675, 676-677). "Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they [*2]were not at fault in the happening of the accident" (Nesbitt v Gallant, 149 AD3d 763, 763) or that the alleged negligence of another person was the "sole proximate cause of the accident" (Brunson v Korkovilas, 208 AD3d 842, 843).
Here, in support of their motion, the defendants submitted, among other things, transcripts of the parties' deposition testimony. The parties' deposition testimony about the happening of the collision conflicted, raising issues of credibility and factual issues as to how the accident occurred. The defendants thus failed to establish, prima facie, that they were free from fault in the happening of the accident, or that the decedent's alleged negligence was the sole proximate cause of the accident (see Woods v Burgos, 220 AD3d 688, 689; Bermejo v Khaydarov, 155 AD3d 597, 598). Since the defendants failed to sustain their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We do not reach the defendants' contentions regarding that branch of their motion which was for summary judgment dismissing the cause of action for wrongful death. That branch of the motion was not addressed in the order appealed from and, therefore, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 543).
We need not reach the defendants' remaining contention.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court