Plazas v Sherlock (2024 NY Slip Op 03191)

Plazas v Sherlock

2024 NY Slip Op 03191

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2021-02446
 (Index No. 501384/19)

[*1]Mauricio A. Mossos Plazas, appellant, 
v
Brenna Marie Sherlock, et al., respondents.

Ronai & Ronai, LLP, Port Chester, NY (Holly Ostrov-Ronai and The Paris Law Group, P.C., New York, NY [Jason L. Paris], of counsel), for appellant.
McCabe & Mack LLP, Poughkeepsie, NY (Matthew V. Mirabile and Kimberly Hunt Lee of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated March 29, 2021. The order, insofar as appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when a vehicle owned by the defendant Kevin G. Sherlock and operated by the defendant Brenna Marie Sherlock (hereinafter the defendant driver) collided with the plaintiff's vehicle at an intersection. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. In an order dated March 29, 2021, the Supreme Court, inter alia, denied the plaintiff's cross-motion. The plaintiff appeals.
"[A] plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Poon v Nisanov, 162 AD3d 804, 807; see Rodriguez v City of New York, 31 NY3d 312, 319). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325).
Here, in support of his cross-motion, the plaintiff submitted, among other things, a transcript of his deposition testimony, as well as the transcript of the deposition testimony of the defendant driver. The parties' deposition testimony conflicted as to how the accident happened and revealed factual disputes as to how and why the accident occurred. The plaintiff's submissions therefore failed to eliminate all triable issues of fact as to whether the defendant driver was negligent in the happening of the accident, and, if so, whether any such negligence caused or contributed to the accident (see Kutsankou v Brink's Inc., 222 AD3d 855, 856; Poon v Nisanov, 162 AD3d at 807-808; see also Brunson v Korkovilas, 208 AD3d 842, 843).
Accordingly, the Supreme Court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court