## Rodriguez v Commodore Maintenance Corp.

2025 NY Slip Op 30126(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 450663/2023

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JAMES G. CLYNES                    PART          22M

*Justice*

-------------------------------------------------------------------X

WILLIAM RODRIGUEZ,

Plaintiff,

- v -

COMMODORE MAINTENANCE CORP.,
"JOHN DOE" and KIKIASI POWELL,

Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450663/2023 |
| MOTION DATE | 05/05/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

This is a personal injury action brought by plaintiff William Rodriguez (Rodriguez) in connection with a motor vehicle action. The defendants are Commodore Maintenance Corp., (Commodore), the alleged owner of the vehicle bearing license plate number 37346-MA; "John Doe," the employee of Commodore; and Kikiasi Powell (Powell), who allegedly owned and operated the vehicle bearing New York license plate number KPM2073, in which plaintiff was a passenger. The collision occurred on July 27, 2021, at approximately 4:30 a.m., on the Northbound side of the FDR Drive. Plaintiff seeks recovery for injuries allegedly sustained resulting from the July 27, 2021, collision. Both defendants interposed answers to the complaint with crossclaims.

Defendant Commodore currently moves, pursuant to CPLR § 3212, for summary judgment and dismissal of plaintiff's complaint and all crossclaims asserted against it. In support of its motion, Commodore provides an affidavit from Commodore "Teamster-supervisor" Angelo Serelis (Serelis) (NYSCEF Doc. No. 53 ⁋ 2). The affidavit states that an attenuator truck was parked on the left lane of traffic with its warning lights on (*id.,* ⁋ 14), to serve as a barrier to protect Commodore workers who were in the process of "wrapping up" roadwork by removing road signs, cones, and other objects on the road (*id.,* ⁋⁋ 6, 8, 14).[1] While it was moving at a high speed, Powell's automobile, a white Chevrolet sport utility vehicle, rear-ended Commodore's attenuator truck. Serelis states that the collision happened with a "tremendous amount of force," and it caused damage to the attenuator truck (*id.,* ⁋⁋ 14, 15, 16). Serelis further asserts that Powell "fled the

---

[1] An attenuator truck is "a large type of truck, with multiple illuminated hazard lights and reflectors for added visibility" (NYSCEF Doc. No. 45 ⁋ 4).

**450663/2023  RODRIGUEZ, WILLIAM vs. COMMODORE MAINTENANCE CORP. ET AL                    Page 1 of 6**
**Motion No. 002**

scene" after the accident (*id.,* ¶ 19). Immediately after the collision, Serelis spoke with David Tavares, a Commodore worker who was inside the vehicle that was struck, and he provided Serelis with the license plate number and description of the vehicle (*id.,* ¶¶ 17, 18). Commodore notes that Powell filed a police report acknowledging that he struck a "stopped" vehicle (NYSCEF Doc. No. 45 ¶ 17; NYSCEF Doc. No. 55 [undated accident report]). Therefore, Commodore concludes that there is no question of fact requiring a trial and the complaint must be dismissed in its entirety.

In opposition, plaintiff Rodriguez argues Commodore's motion for summary judgment must be denied because triable issues of fact exist as to defendant's negligence, and the proximate cause of the collision. In his affidavit in support, Rodriguez alleges that, contrary to Commodore's allegations, the collision occurred on a section of the FDR Drive where the roadway curved, and there were no cones, barriers, or signs to alert drivers of the stopped vehicle and roadwork ahead (NYSCEF Doc. No. 68 ¶¶ 6,7). Plaintiff argues that proximate cause is typically not an issue for a summary judgment motion. Furthermore, plaintiff asserts that defendant Commodore's motion is premature pursuant to CPLR § 3212 (f), because only limited discovery has been conducted, and depositions have not yet been held. Plaintiff cites to *Belziti v Lanford,* (105 AD3d 649 [1st Dept 2013]), where the court affirmed the trial court's decision denying summary judgment as premature because, although limited discovery had taken place, a party had not yet been deposed. Plaintiff states that in this case "little discovery has taken place" and depositions of the parties would uncover relevant evidence and information on the occurrence of the collision, including whether the Commodore vehicle had its hazard lights on (NYSCEF Doc. No. 66 ¶ 33).

Co-defendant Powell also opposes the motion. In opposition, co-defendant Powell argues that Commodore's motion for summary judgment must be denied. Powell submits Exhibit C (NYSCEF Doc. No. 62) to the opposition, which includes a photograph at the scene Powell took, after the incident occurred, that depicts the absence of warning signs, tape, employees, barriers, hazard lights, rotating lights, or arrow lights surrounding the Commodore vehicle (NYSCEF Doc. No. 63 ¶¶ 8, 9, 10, 15, 16, 24). In his affidavit in support, Powell adds that the area where the Commodore vehicle was located was "very dark" because the light pole next to the Commodore vehicle was not on (*id.,* ¶¶ 21, 22). Powell states that while he was driving in the left lane, the left lane curved to the right. He states that although his headlights illuminated the parked Commodore vehicle, he could not switch into the right lane because there was a vehicle on his right (*id.,* ¶¶ 12, 13, 19). Powell argues that it was Commodore's failure to warn oncoming traffic of its presence on the road that caused the accident. Specifically, Powell argues that there is a question of fact as to whether Commodore provided any signal or warning of its vehicle's presence on the road, and whether it failed to exercise reasonable care under the circumstances. He concludes Commodore did not exercise the level of care which a reasonably prudent person would have under the

450663/2023  RODRIGUEZ, WILLIAM vs. COMMODORE MAINTENANCE CORP. ET AL
Motion No. 002

Page 2 of 6

circumstances. Powell also joins plaintiff's argument that the motion is premature pursuant to CPLR 3212 (f).

In reply, Commodore argues that summary judgment is appropriate here because Powell admitted that he "rear-ended" Commodore's parked vehicle in the motorist report (MV-104 report) and his affidavit, and that Powell fails to provide an adequate non-negligent explanation for the collision, which establishes a prima facie case of negligence (NYSCEF Doc No. 55; NYSCEF Doc No. 63 ¶ 13). Specifically, Commodore asserts that the arguments that it should have used warning signs, cones, tape, employees, or barriers at the site is illogical because the purpose and function of an attenuator truck is to provide warning. In his affidavit, Serelis stated that the attenuator truck is covered with lights and reflectors to make it highly visible and impossible to miss (NYSCEF Doc. No. 53 ¶¶ 11, 12). Commodore explains that attenuator trucks, by definition are "highway safety vehicles equipped with an impact attenuating crash cushion for the purpose of reducing the risks resulting from crashes in construction work zones" (NYSCEF Doc. No. 69 ¶ 5).

Furthermore, Commodore argues that the photograph Powell provided (NYSCEF Doc. No. 62) is misleading because it does not accurately depict what would have been seen through the windshield of Powell's car because in the photograph, the car blocks the view of the attenuator truck. Commodore argues that if the car had not been blocking the attenuator truck in the photograph, the truck's bright orange/yellow striped reflectors with crash cushions and red taillights would have been visible on either side (NYSCEF Doc. No. 69 ¶ 10; NYSCEF Doc. No. 71). In Exhibit B of its reply, Commodore attaches a marked-up version of the photograph submitted by Powell in which the attenuator truck lights are circled (NYSCEF Doc. No. 72). Commodore asserts that the same photograph also shows that there were at least two overhead streetlamps, and at least six evenly spaced lamps which illuminated the two to three lanes which contradicts Powell's assertion that the road was poorly lit. Also, Commodore points out that, contrary to Rodriguez and Powell's statements, the road was straight (NYSCEF Doc. No. 69 ¶¶ 11, 12). Defendant concludes that Rodriguez and Powell's claim that Commodore was negligent does not rebut a prima facia case of negligence because Commodore's vehicle was stopped and had lights indicating its presence, at the time defendant's vehicle struck it from behind. Finally, Commodore adds that since Rodriguez and Powell both have personal knowledge of the accident and the facts surrounding it, discovery is not necessary, and the motion for summary judgement should be granted.

Discussion

On a motion for summary judgment, the movant must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 73-74 [2020]) (citation omitted). The court "must view the

450663/2023  RODRIGUEZ, WILLIAM vs. COMMODORE MAINTENANCE CORP. ET AL          Page 3 of 6
Motion No.  002

3 of 6

[* 3]

evidence in the light most favorable to the non-moving party, including drawing all reasonable inferences in favor of the nonmoving party" (*Vega v Metro. Transp. Auth.*, 212 AD3d 587, 588 [1st Dept 2023]). When deciding a summary judgment motion, a court solely determines if any triable issues exist, it does not determine the merits of any such issues. Every available inference must be drawn in the nonmoving party's favor (*De Lourdes Torres v Jones,* 26 NY3d 742, 763 [2016]).

"A rear-end collision with a stopped vehicle, or a vehicle slowing down, establishes a prima facie case of negligence on the part of the operator of the rear-ending vehicle, which may be rebutted if that driver can provide a non-negligent explanation for the accident" (*Baez-Pena v MM Truck & Body Repair, Inc.*, 151 AD3d 473, 476 [1st Dept 2017]). The non-movant then has the burden to raise a triable issue of fact (*see Winegrad v New York University Medical Centre*, 64, NY2d 851, 853 [1985]). Since "[t]here can be more than one proximate cause of an accident"(*Estate of Cook v Gomez*, 138 AD3d 675, 676-677 [2d Dept 2016]), the "[d]efendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident" (*Nesbitt v Gallant*, 149 AD3d 763, 763, [2d Dept 2017]), or that the alleged negligence of another person was the "sole proximate cause of the accident" (*Brunson v Korkovilas*, 208 AD3d 842, 843 [2d Dept. 2022]). "Ordinarily, issues of proximate cause are fact questions to be decided by a jury" (*White v Diaz*, 49 AD3d 134, 139 [1st Dept 2008]), citing (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). In a motion for summary judgment, '[i]t is not the court's function on a motion for summary judgement to access credibility' (*Rawls v Simon*, 157 AD3d 418, 419 [1st Dept 2018]), quoting (*Ferrante v Am. Lung Assn.*, 90 NY2d 623, 631, 687 [1997]).

Here, the statements in the MV-104 report do not create a prima facia case of negligence (NYSCEF Doc. No. 55), because in the MV-104 report, and in Powell's response, he successfully raised issues of facts by alleging that Commodore's negligence in failing to provide sufficient warning proximately caused the accident, or at the very least was a contributing factor (see *Romero v Valdez*, 198 AD3d 496, 497 [1st Dept 2021]). The discrepancies between the parties' statements and their conflicting allegations regarding the occurrence present issues of fact precluding summary judgment as to liability (*Prak v New York City Tr. Auth.,* 205 AD3d 489, 490 [1st Dept 2022]).

This case is factually similar to *Dominguez v Chaudry* (2020 N Y Misc LEXIS 8525 [Sup Ct, Bronx County June 5, 2020, No. 0024629/2018E]), in which the parties presented different sets of facts regarding the occurrence. In *Dominguez,* the co-defendants Highway Safety Protection Corp., (Highway) and Commodore Maintenance Corp., (Commodore), filed separate motions for summary judgment. The plaintiff alleged that an incident occurred early in the morning on the Cross Bronx Expressway where there were construction vehicles on the right lane of the highway.

**450663/2023   RODRIGUEZ, WILLIAM vs. COMMODORE MAINTENANCE CORP. ET AL**          **Page 4 of 6**
Motion No.  002

4 of 6

[* 4]

The co-defendant Chaudry was driving at a high speed and did not see the construction vehicles. When he eventually saw them, he abruptly changed lanes to avoid them. A collision occurred, including Chaudry and the vehicle in which the plaintiff was a passenger. The plaintiff's administrator sued Chaudry, Highway and Commodore as the co-defendants.

In support of their motion, Highway and Commodore provided an affidavit from a road worker who stated that prior to the collision, he was finishing up, "picking up lane closure" on the Bronx Expressway along with other crew members. After setting up the attenuator truck and while hooking up an Arrow Board to the truck, he witnessed two vehicles each strike two separate attenuator trucks. The defendants argued that their "clean-up" of the road construction site did not contribute to the collision and that they were not reckless in their efforts. In opposition, the plaintiff argued that there were different versions of the events that took place, which would not support summary judgment, since questions of fact existed regarding the nature, manner, and timing of the work performed by Highway and Commodore. Specifically, one defendant alleged that the road conditions were clear, while the plaintiff alleged that the area was not well-lit. The plaintiff also opposed the motion because depositions were outstanding. The court denied both defendants motions for summary judgment for dismissal. The court held that because there were several discrepancies in the statements of the parties, it raised an issue of fact sufficient to deny a motion for summary judgment.

This Court finds the *Dominguez* case persuasive. Much like in *Dominguez*, the parties here have differing allegations of the facts. Most significantly, both plaintiff and co-defendant Powell allege that there were no hazard lights or warning signs at the scene of the collision, and as a result, the oncoming traffic could not anticipate the attenuator truck. In the MV-104 report, the document that Commodore refers to as providing an "admission," Powell does indicate that the collision was a "rear-end" collision; he also states that the vehicle was "stopped" on the roadway. However, the report also provides "[t]here were no cones or warnings to indicate a stopped vehicle ahead…" (NYSCEF Doc No. 55). In *Ampofo v Brydson* (144 AD3d 611 [1st Dept 2016]), the court held that defendants were not entitled to summary judgment because several discrepancies existed in the parties' statements. Here, if the MV-104 provided a statement by the driver indicating there was a rear end collision, with a stopped vehicle, *and* many warning signs were placed and lights were flashing, perhaps Commodore's argument would be more persuasive. However, the court cannot ignore the different issues of fact raised in this case. When there are significantly conflicting facts surrounding the accident, as in this case, the movant fails to eliminate triable issues of fact (*Torres v Tessing*, 2023 NY Misc. LEXIS 16859, 2023 WL 8690909 [Sup Ct, Bronx County 2023]).

Furthermore, Commodore does not demonstrate that Powell was the sole proximate cause of the accident. Although Commodore asserts that it provided the necessary warning by utilizing

450663/2023  RODRIGUEZ, WILLIAM vs. COMMODORE MAINTENANCE CORP. ET AL          Page 5 of 6
Motion No.  002

5 of 6

[* 5]

the attenuator truck, its arguments focus on co-defendant's actions, and do not explain how its own actions or inactions would or would not have provided the same or different outcome.

For the reasons above, therefore, it is

ORDERED that the defendant Commodore Maintenance Corp.'s motion for summary judgment and dismissal of plaintiff William Rodriguez's complaint and all crossclaims is denied in its entirety; and it is further

ORDERED that the parties shall appear for a preliminary conference in the Part 22 DCM Courtroom, Room 103 of the courthouse located at 80 Centre Street, New York, NY, at 9:30am on December 20, 2024.

This constitutes the Decision and Order of the Court.

| 1/13/2024 | | | | |
|-----------|--|--|--|--|
| **DATE** | | | | JAMES G. CLYNES, J.S.C. |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|--|--|--|--|--|
| | GRANTED | X | DENIED | GRANTED IN PART | OTHER |

APPLICATION: SETTLE ORDER — SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN — FIDUCIARY APPOINTMENT — REFERENCE

**450663/2023 RODRIGUEZ, WILLIAM vs. COMMODORE MAINTENANCE CORP. ET AL**
Motion No. 002

Page 6 of 6

6 of 6

[* 6]