## Mathieu-Royal v Metropolitan Transp. Auth.

2025 NY Slip Op 31625(U)

May 1, 2025

Supreme Court, Kings County

Docket Number: Index No. 513021/2020

Judge: Patria Frias-Colón

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                    Part 20
HON. PATRIA FRIAS-COLÓN, J.S.C.
--------------------------------------------------------------------------X
Mireille Mathieu-Royal,

                              PLAINTIFF,

                    -against-

Metropolitan Transportation Authority, Tahiry T.
Fernandez and Alisa T. Thomas,

                              DEFENDANTS.
--------------------------------------------------------------------------X

Index # 513021/2020
Cal. #s 28-29 Mot. Seq. #s 4-5

**DECISION/ORDER**

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc #s 81-87, 101 by Def. Fernandez
NYSCEF Doc #s 94-99 by Def. Transit
NYSCEF Doc #s 90-96 by Plaintiff

Upon the foregoing cited papers and after considering oral argument on October 23, 2024, pursuant to CPLR § 3212, the Decision and Order on Defendant Tahiry T. Fernandez's ("Fernandez") Motion for Summary Judgment and dismissing Plaintiff's complaint and any crossclaims against her (Motion Sequence # 4) is DENIED. Plaintiff's cross motion for Summary Judgment against Defendants Metropolitan Transportation Authority and Alisa T. Thomas ("Transit") on the issue of liability and for preclusion of Defendant's affirmative defenses (Motion Sequence # 5) is DENIED.

**BACKGROUND**

Plaintiff commenced this action by filing a summons and verified complaint on July 21, 2020, seeking damages for personal injuries sustained in a motor vehicle accident on June 20, 2019 at the intersection of Rockaway Parkway and Glenwood Road in Brooklyn[1]. Defendant Fernandez filed a verified answer to Plaintiff's complaint on August 16, 2020[2].

Defendant Fernandez answered on August 16, 2020 and moved for summary judgment on May 24, 2024, arguing that her vehicle was lawfully stopped in a right-turn lane when it was struck from behind by a bus owned and operated by Defendant Transit[3]. On July 5, 2024, Plaintiff cross-moved for summary judgment on the issue of liability against Transit, joining Fernandez's assertion that the accident was solely caused by Transit's bus rear-ending Fernandez's vehicle[4]. Transit opposed both motions, arguing that triable issues of fact exist as to whether Fernandez's actions contributed to the accident, citing discrepancies between video surveillance and deposition testimony[5].

Plaintiff relies on Defendant Fernandez's motion and joins in asserting that there are no issues of fact as to the liability of Defendant Transit because the vehicle involved in the accident

---

[1] *Id.* at pg. 5.
[2] NYSCEF Doc. # 5.
[3] NYSCEF Doc. # 82.
[4] NYSCEF Doc. # 92.
[5] NYSCEF Doc. #96 pg. 2 ¶ 7-pg. 3 ¶ 9.

[* 1]

was struck in the rear[6].

**LEGAL STANDARD**

Summary judgment is appropriate where a party establishes a *prima facie* showing of entitlement to judgment as a matter of law by tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. *See* CPLR § 3212(b); *Alvarez v Prospect Hospital*, 68 N.Y.2d 320, 324 (1986); *Zuckerman v City of New York*, 49 N.Y.2d 557, 562 (1980); *Korn v Korn*, 135 A.D.3d 1023, 1024 (3d Dept. 2016). Failure to make this *prima facie* showing requires denial of the motion. *See Alvarez*, 68 N.Y.2d at 324; *Winegrad v New York University Medical Center*, 64 N.Y.2d 851, 853 (1985).

The burden then shifts to the opposing party to produce evidence in admissible form sufficient to establish the existence of material issues of fact. *See Alvarez*, 68 N.Y.2d at 324; *Zuckerman*, 49 N.Y.2d at 562. "[A]verments merely stating conclusions, of fact or of law, are insufficient to defeat summary judgment." *Banco Popular North America v Victory Taxi Management, Inc.*, 1 N.Y.3d 381, 383 (2004) (internal quotations omitted).

The Court must view the totality of evidence presented in the light most favorable to the nonmoving party and accord that party the benefit of every favorable inference. *See Fortune v Raritan Building Services Corp.*, 175 A.D.3d 469, 470 (2d Dept. 2019); *Emigrant Bank v Drimmer*, 171 A.D.3d 1132, 1134 (2d Dept. 2019).

In rear-end collision cases, a *prima facie* case of negligence is established against the driver of the rear vehicle, who must then provide a non-negligent explanation. *Scheker v Brown*, 85 AD3d 1007, 1008 (2d Dept 2011); *Hall v Powell*, 183 AD3d 576, 577 (2d Dept 2020); *Mulhern v Gregory*, 161 AD3d 881 (2d Dept 2018). However, a rear-end presumption does not conclusively establish fault when the lead vehicle operator's actions may have contributed to the accident. *Ortiz v Welna*, 152 AD3d 709, 710 (2d Dept 2017). "Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing prima facie, that they were not at fault in the happening of the accident" (*Nesbitt v. Gallant*, 149 AD3d 763, [2d Dept 2017]) or that the alleged negligence of another person was the "sole proximate cause of the accident" (*Brunson v. Korkovilas*, 208 AD3d 842, 843 [2d Dept 2022]).

A party is not considered a proximate cause unless their actions are in clear sequence with the result and it could have been reasonably anticipated that the accident would result from the alleged negligence. *Saugerties Bank v Delaware & Hudson Co.*, 236 NY 425 (1923); *Dunn v New York*, 29 NY2d 313 (1971); *Caro v. Chesnick*, 155 AD3d 447 (1st Dept 2017); *Allison D. v. New York City Tr. Auth.*, 115 AD3d 576 (1st Dept). One way a defendant may satisfy its *prima facie* burden is by demonstrating that the allegedly dangerous condition cited by Plaintiff as causing the accident was not a proximate cause of said accident. *Malaspina v. Westchester Med. Ctr. Health Care Corp.*, 231 A.D.3d 941 (2d Dept. 2024). "Generally, it is for the trier of fact to determine the issue of proximate cause, but the issue may be decided as a matter of law where only one conclusion may be drawn from the established facts." *Id.* at 943 (quoting *Sang Woon Lee v. Il*

---

[6] *Id*. at pg. 2 ¶ 4.

2

[* 2]

*Mook Choi*, 132 A.D.3d 969 [2d Dept. 2015]).

### Motion Sequence No. 4—Fernandez's Motion for Summary Judgment

Defendant Fernandez contends she was completely stopped when her vehicle was rear-ended by Transit's bus. In support, she relies on a video recording of the incident. However, the video footage does not conclusively establish that Fernandez was at a complete stop. Rather, it shows her vehicle continuing to move forward and slightly veering into the lane of travel of the Transit bus[7].

During her deposition, Fernandez acknowledged the movement but maintained the vehicle was stopped[8]. The inconsistency between the video evidence and her testimony raises triable issues of fact as to whether her operation of the vehicle contributed to the occurrence of the collision. *See generally*, *Malaspina v Westchester Med. Ctr. Health Care Corp.*, 231 AD3d 941, 943 (2d Dept 2024); *Sang Woon Lee v Il Mook Choi*, 132 AD3d 969 (2d Dept 2015).

Because Fernandez has not established the absence of negligence on her part as a matter of law, and because issues of comparative fault remain, her motion for summary judgment is denied.

### Motion Sequence No. 5—Plaintiff's Cross-Motion for Summary Judgment Against Transit

Plaintiff relies on Fernandez's motion and the presumption of negligence resulting from a rear-end collision. However, the rear-end presumption may be rebutted where there is evidence that the lead vehicle's operation may have contributed to the accident. *Ortiz v Welna*, supra.

Transit raised sufficient factual issues through video evidence and deposition inconsistencies to rebut the presumption of sole liability. Furthermore, Plaintiff, although an innocent passenger, must still establish that Transit's operator was wholly at fault. *See id.*

Therefore, Plaintiff has not met the twofold burden necessary for summary judgment, proving (1) that she was free from fault, and (2) that Transit was entirely at fault. Summary judgment on liability is therefore inappropriate at this stage. *Nesbitt v Gallant*, 149 AD3d 763, 764 (2d Dept 2017).

Consequently, Plaintiff's motion for summary judgment and to preclude Transit from asserting affirmative defenses is DENIED.

### CONCLUSION

For the foregoing reasons:
- Defendant Tahiry T. Fernandez's Motion for Summary Judgment (Motion Sequence No.

---

[7] NYSCEF Doc. #87 at Camera #9 time stamp 7:46:19.
[8] NYSCEF Doc. #84 at pg. 45.

[* 3]

4) is denied.

- Plaintiff's Cross-Motion for Summary Judgment against Defendants Metropolitan Transportation Authority and Alisa T. Thomas (Motion Sequence No. 5) is also denied.

This constitutes the Decision and Order of the Court.

Date:   May 1, 2025
        Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

4

[* 4]