Kamtchi v Sarmiento (2025 NY Slip Op 05674)

Kamtchi v Sarmiento

2025 NY Slip Op 05674

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-12480
 (Index No. 714319/21)

[*1]Pierre M. Kamtchi, appellant, 
v
Angel M. Sarmiento, et al., defendants, Kimberly Grace Spagnuolo, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denise N. Johnson, J.), dated December 8, 2023. The order granted the defendant Kimberly Grace Spagnuolo's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the defendant Kimberly Grace Spagnuolo's motion for summary judgment dismissing the complaint insofar as asserted against her is denied.
On August 7, 2020, the parties were involved in a three-vehicle collision in Queens, during which the vehicle operated by the plaintiff struck the rear of the vehicle operated by the defendant Rhaisa A. Serrano, which then struck the vehicle operated by the defendant Kimberly Grace Spagnuolo. The plaintiff commenced this action against Spagnuolo and Serrano, among others, to recover damages for personal injuries the plaintiff allegedly sustained in the accident. In July 2023, Spagnuolo moved for summary judgment dismissing the complaint insofar as asserted against her. The plaintiff opposed the motion. In an order dated December 8, 2023, the Supreme Court granted Spagnuolo's motion. The plaintiff appeals.
"'[A] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Ventura v Sturino, 230 AD3d 1378, 1378, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Brunson v Korkovilas, 208 AD3d 842, 842). Here, in support of her motion for summary judgment dismissing the complaint insofar as asserted against her, Spagnuolo submitted, inter alia, a transcript of her deposition testimony. Spagnuolo testified that another vehicle cut her off, causing her to brake, "which caused Serrano behind me to merge in the right lane and then [the plaintiff to] hit them, and one of their vehicles sideswiped my car." Thus, Spagnuolo established, prima facie, that she was not at fault in the happening of the accident (see Glover v Teresa Limo, Inc., 229 AD3d 604, 605; Comas-Bourne v City of New York, 146 AD3d 855, 856).
In opposition, however, the plaintiff submitted a certified copy of a police accident report containing Spagnuolo's conflicting account of how the accident occurred, raising a triable issue of fact as to whether Spagnuolo was at fault in causing the accident (see Moore v DL Peterson Trust, 172 AD3d 1058, 1059; Adam v Catania, 170 AD3d 636, 636-637).
Accordingly, the Supreme Court should have denied Spagnuolo's motion for summary judgment dismissing the complaint insofar as asserted against her.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court