City of Stamford v LaSerna (2026 NY Slip Op 01486)

City of Stamford v LaSerna

2026 NY Slip Op 01486

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-03746
 (Index Nos. 64967/20, 53489/21, 66127/21)

[*1]City of Stamford, etc., plaintiff, 
vMaria L. LaSerna, defendant. (Action No. 1)
Maria L. LaSerna, appellant, 
vJohn A. Conte, respondent. (Action No. 2)
City of Stamford, plaintiff, 
vMaria L. LaSerna, defendant. (Action No. 3)

Raneri, Light & O'Dell, PLLC, White Plains, NY (Dennis W. Light of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Ira E. Goldstein, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In three related actions, inter alia, to recover damages for personal injuries and injury to property, which were joined for discovery and trial, Maria L. LaSerna, the defendant in Action Nos. 1 and 3 and the plaintiff in Action No. 2, appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated April 3, 2024. The order, insofar as appealed from, granted that branch of the motion of City of Stamford, the plaintiff in Action Nos. 1 and 3, and John A. Conte, the defendant in Action No. 2, which was for summary judgment dismissing the complaint in Action No. 2.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 19, 2018, Maria L. LaSerna was driving a vehicle and attempted to make a left-hand turn from the center lane of three lanes of westbound traffic on Westchester Avenue. When she did so, her vehicle collided with a vehicle being driven by John A. Conte, who was driving in the far left lane with the right-of-way. The vehicle Conte was driving was owned by the City of Stamford, his employer. The City, as subrogee of Conte, commenced an action against LaSerna to recover medical costs and workers' compensation benefits it paid on behalf of Conte (Action No. 1). LaSerna commenced an action against Conte to recover damages for personal injuries and injury to property (Action No. 2). The City commenced a separate action against LaSerna to recover damages for injury to property (Action No. 3). The three actions were subsequently joined for discovery and trial. Following the completion of discovery, the City and Conte moved, inter alia, for summary judgment dismissing the complaint in Action No. 2. In an [*2]order dated April 3, 2024, the Supreme Court, among other things, granted that branch of the motion. LaSerna appeals.
"There can be more than one proximate cause of an accident, and generally, it is for the trier of fact to determine the issue of proximate cause" (Harrington v Tucker, 238 AD3d 724, 725 [alteration and internal quotation marks omitted]). "Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident, or that the alleged negligence of another person was the sole proximate cause of the accident" (Woods v Burgos, 220 AD3d 688, 689 [citations and internal quotation marks omitted]; see Brunson v Korkovilas, 208 AD3d 842, 842-843; Nesbitt v Gallant, 149 AD3d 763, 763). "Although drivers with the right-of-way are entitled to anticipate that other drivers will obey the traffic laws, they nonetheless still have a duty to avoid colliding with other vehicles" (Nesbitt v Gallant, 149 AD3d at 763-764; see Woods v Burgos, 220 AD3d at 689; Vigdorchik v Vigdorchik, 209 AD3d 923, 924). "However, 'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Woods v Burgos, 220 AD3d at 689, quoting Yelder v Walters, 64 AD3d 762, 764; see Vigdorchik v Vigdorchik, 209 AD3d at 924).
Here, in support of their motion, the City and Conte submitted evidence, including, inter alia, Conte's deposition testimony, LaSerna's deposition testimony, and a report of an expert, that demonstrated that Conte was not at fault in the happening of the accident and that the sole proximate cause of the accident was LaSerna's conduct in attempting to make a left-hand turn from the middle lane of traffic, in violation of Vehicle and Traffic Law § 1160 (see Nesbitt v Gallant, 149 AD3d at 764; Yelder v Walters, 64 AD3d at 764). Contrary to LaSerna's contention, the evidence demonstrated that Conte attempted to take evasive action by turning left to avoid LaSerna's vehicle, which, given Conte's testimony that only 1.5 seconds elapsed between the time he saw LaSerna's vehicle enter his lane of travel and the collision, was reasonable (see Yelder v Walters, 64 AD3d at 764).
In opposition to that prima facie showing, LaSerna failed to raise a triable issue of fact. The opinion of LaSerna's expert that LaSerna's vehicle entered Conte's lane for five seconds prior to the crash, giving him time to avoid the collision, was speculative and unsupported by the record (see Choo v Virginia Transp. Corp., 204 AD3d 743, 744). Moreover, evidence that Conte was driving at a speed of less than 5 miles per hour over the posted speed limit of 40 miles per hour is inconsequential inasmuch as there is no indication that he could have avoided the accident had he been traveling at the posted speed limit (see Daniels v Rumsey, 111 AD3d 1408, 1410; Mosch v Hansen, 295 AD2d 717).
Accordingly, the Supreme Court properly granted that branch of the motion of the City and Conte which was for summary judgment dismissing the complaint in Action No. 2.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court